IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RUBEN RODRIGUEZ-MENCHACA,

      Petitioner,

v.                                        No. CIV 08-0561 MCA/WDS

UNITED STATES OF AMERICA,

      Respondent.

MEMORANDUM OPINION AND ORDER

      This matter comes before the Court on Petitioner's Petition For Writ Of Habeas Corpus under 28 U.S.C. § 2241. Petitioner, who is currently confined in New Mexico, was convicted in 2006 in the Western District of Texas. He originally filed his habeas corpus petition in Texas on March 4, 2008, and the case was transferred to this Court on June 9, 2008. Petitioner alleges that, because of his status as a deportable alien, he is ineligible for certain pre-release custody programs. The sentencing court's failure to reduce his sentence based on deportability resulted in a "longer period of imprisonment . . . . [and] the judge needs to consider the total real time the deportee will be in prison." Petitioner contends that his sentence amounts to discrimination. The Court will dismiss the petition.

      First, to the extent this § 2241 petition attacks the sentence imposed in a criminal proceeding, the applicable statute bars relief on Petitioner's allegations. The terms of § 2255 provide the exclusive avenue for attacking a federal criminal conviction or sentence, *see Baker v. Sheriff of Santa Fe County*, 477 F.2d 118, 119 (10th Cir. 1973); *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) ("[§ 2255] supplants habeas corpus"), and Petitioner's pro se characterization of his claim under § 2241 is not dispositive, *see Roman-Nose v. New Mexico Dep't of Human Services*,

967 F.2d 435, 436-37 (10th Cir. 1992). The gravamen of the petition is that Petitioner's sentence violates the Equal Protection Clause. This claim is expressly contemplated by § 2255: relief is available where "the sentence was imposed in violation of the Constitution or laws of the United States." § 2255(a). And because a § 2255 motion may only be prosecuted in the sentencing court, *see id.*, this Court may not grant relief on Petitioner's claim against the sentence he received.

Secondly, to the extent Petitioner intended to seek relief under § 2241 against the execution of his sentence, his allegations provide no support for his claim.

> [Defendant's] request for a downward departure based on the "collateral consequences" of his status as a deportable alien has been foreclosed . . . .
> . . . .
>     . . . "[T]he federal government can treat aliens differently from citizens so long as the difference in treatment has a rational basis." . . . We agree . . . [that] there is a rational basis to deem deportable aliens, who will be sent out of the country after the term of their sentence, ineligible for programs geared toward rehabilitating prisoners who will re-enter society after their release from confinement.

*United States v. Tamayo*, 162 F. App'x 813, 814, 816 (10th Cir. 2006) (internal citations omitted). Under the reasoning in *Tamayo*, no relief is available on Petitioner's § 2241 claim against the execution of his sentence.

Because Petitioner is confined in this district and his § 2241 petition may only be filed in this Court, *see See Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000), his § 2241 claim will be dismissed with prejudice. On the other hand, because Petitioner's attack on his sentence may only be adjudicated as a § 2255 motion in the sentencing court, this Court must determine whether it is in the interest of justice to transfer the petition to the sentencing court or dismiss it without prejudice. *See* 28 U.S.C. § 1631; *Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006) (delineating factors for determining transfer or dismissal). The Court may properly dismiss a petition that is not likely to have merit or is not filed in good faith. *See Trujillo*, 465 F.3d at 1223

n.16.  On the basis of the Tenth Circuit's statements quoted above, the Court finds that Petitioner's § 2255 claim under the Equal Protection Clause is not likely to have merit.  The petition will be dismissed rather than transferred to the sentencing court.

    IT IS THEREFORE ORDERED that, to the extent Petitioner seeks modification of his sentence, the Petition For Writ Of Habeas Corpus under 28 U.S.C. § 2241 is DISMISSED without prejudice to his right to file a § 2255 motion in the sentencing court; otherwise Petitioner's Petition For Writ Of Habeas Corpus under 28 U.S.C. § 2241 is DISMISSED with prejudice; and this proceeding is DISMISSED.

    SO ORDERED this 12th day of December, 2008.

                                                          _____
                                                           M. CHRISTINA ARMIJO
                                                           United States District Judge